This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 63
D&R Global Selections, S.L.,
          Appellant,
        v.
Bodega Olegario Falcon Pineiro,
          Respondent.

          Robert M. Zara, for appellant.
          John P. Gleason, for respondent.

DiFIORE, Chief Judge:

          The issue on appeal is whether there is personal jurisdiction over defendant, a Spanish winery, under New York's long-arm jurisdiction statute, and consequently subject matter

- 1 -

jurisdiction over the parties' dispute under Business Corporation Law § 1314 (b) (4).  Because we conclude that plaintiff's claim arises from defendant's transaction of business in New York within the meaning of CPLR 302 (a) (1), the Appellate Division order granting summary judgment to defendant for lack of personal and subject matter jurisdiction should be reversed.

I.

Defendant Bodega Olegario Falcon Pineiro is a winery located in Pontevedra, Spain.  In March 2005, defendant entered into an oral agreement there with plaintiff D&R Global Selections, S.L., a Spanish limited liability company also based in Pontevedra.  Neither plaintiff nor defendant has offices or a permanent presence in New York.  Pursuant to their oral agreement, plaintiff agreed to locate a distributor to import defendant's wine into the United States; in return, defendant agreed to pay commissions to plaintiff at a specified rate on wine sales made to that distributor.

Following the agreement, defendant accompanied plaintiff to New York several times to meet potential distributors and promote defendant's wine.  In May 2005, defendant attended the Great Match Event in New York, which showcased wines from Spanish vineyards.  At that event, plaintiff introduced defendant to Kobrand Corp. (Kobrand), a wine importer and distributor located in New York.  Defendant began selling wine to Kobrand in November 2005.  In January 2006, defendant

accompanied plaintiff to two events in New York that promoted
Kobrand's Spanish wine portfolio, including defendant's wine.
Defendant subsequently entered into an exclusive distribution
agreement with Kobrand.  Through November 2006, defendant paid
commissions to plaintiff in Spain on wine defendant sold to
Kobrand.  In or around January 2007, defendant stopped paying
commissions to plaintiff even as defendant continued to sell wine
to Kobrand.  Defendant contends that its obligation to pay
commissions under the oral agreement expired after one year.

In November 2007, plaintiff sued defendant in Supreme
Court for unpaid commissions.  The complaint asserted causes of
action for breach of contract, quantum meruit, unjust enrichment,
and an accounting.  Plaintiff alleged that defendant's obligation
to pay commissions on wine sold to Kobrand did not terminate
after a year but rather continued as long as defendant sold wine
to Kobrand.  Defendant did not answer the complaint or otherwise
appear and, in June 2008, plaintiff obtained a default judgment.

Defendant subsequently moved to vacate the default
judgment and dismiss the action for lack of personal and subject
matter jurisdiction.  Supreme Court denied the motion to vacate
and therefore did not consider the motion to dismiss.  The
Appellate Division reversed, vacated the default judgment, and
held that whether the court had personal jurisdiction over
defendant under CPLR 302 (a) (1) of New York's long-arm
jurisdiction statute raised an issue of fact (90 AD3d 403, 405-

406 [1st Dept 2011]).

On remand, defendant moved for summary judgment based on lack of personal and subject matter jurisdiction.  Supreme Court denied the motion, citing the Appellate Division order. Defendant again appealed and the Appellate Division reversed. This time the Appellate Division held that defendant was not subject to personal jurisdiction under CPLR 302 (a) (1).  The Appellate Division held that "defendant's visits to New York to promote its wine constitute the transaction of business here," but concluded that "there is no substantial nexus between plaintiff's claim for unpaid commissions in connection with the sales of that wine, pursuant to an agreement made and performed wholly in Spain, and those promotional activities" (128 AD3d 486, 487 [1st Dept 2015]).  This Court granted plaintiff leave to appeal (26 NY3d 914 [2015]).

## II.

CPLR 302 (a) (1) provides, in relevant part: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state."

This rule provides two distinct grounds for long-arm jurisdiction:  where a defendant "transacts business" in the state and where a defendant "contracts anywhere to supply goods

or services" in the state.  Under either ground, we conduct a twofold jurisdictional inquiry (see Rushaid v Pictet & Cie, 28 NY3d 316, 323 [2016]).  First, the defendant must have purposefully availed itself of "the privilege of conducting activities within the forum State" by either transacting business in New York or contracting to supply goods or services in New York (id. [citations omitted]).  Second, the claim must arise from that business transaction or from the contract to supply goods or services (id.).

We conclude that Supreme Court has personal jurisdiction over defendant under CPLR 302 (a) (1)'s "transacts business" ground.*  Like the Appellate Division, we hold that defendant transacted business in New York.  However, contrary to the Appellate Division, we hold further that plaintiff's claim arises from defendant's transaction of business in New York.  Accordingly, there is personal jurisdiction over defendant, and hence subject matter jurisdiction over the parties' dispute under Business Corporation Law § 1314 (b) (4).

A.

CPLR 302 (a) (1) requires us to first determine if defendant purposefully availed itself "of the privilege of conducting activities" in the State by transacting business in

---

\* Because we hold that defendant is subject to jurisdiction under the "transacts business" ground of CPLR 302 (a) (1), we do not reach whether the "contracts to supply goods or services" ground provides an additional basis for jurisdiction.

New York.  A non-domiciliary defendant transacts business in New York when "on his or her own initiative[,] the non-domiciliary projects himself or herself into this state to engage in a sustained and substantial transaction of business" (Paterno v Laser Spine Inst., 24 NY3d 370, 377 [2014] [internal citations, quotation marks and alterations omitted]).  The primary consideration is the quality of the non-domiciliary's New York contacts (see Fischbarg v Doucet, 9 NY3d 375, 380 [2007]).  As relevant here, purposeful availment occurs when the non-domiciliary "seeks out and initiates contact with New York, solicits business in New York, and establishes a continuing relationship" (Paterno, 24 NY3d at 377).

The Appellate Division properly determined that defendant transacted business in New York.  The oral agreement between the parties required plaintiff to locate a United States distributor to import defendant's wine.  In furtherance of their agreement, defendant accompanied plaintiff to New York several times between May 2005 and January 2006 to attend wine industry events.  Plaintiff introduced defendant to Kobrand, a New York-based distributor, at the Great Match Event in New York, and defendant returned to New York at least twice to promote its wine alongside plaintiff and Kobrand.  Defendant eventually entered into an exclusive distribution agreement with Kobrand for the importation of its wine into the United States.

Thus, not only was defendant physically present in New

York on several occasions, but its activities here resulted in "'the purposeful creation of a continuing relationship with a New York corporation'" (Fischbarg, 9 NY3d at 381, quoting George Reiner & Co. v Schwartz, 41 NY2d 648, 653 [1977]). Defendant's contacts with New York establish that defendant purposefully availed itself of "the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws" (Rushaid, 28 NY3d at 323 [internal citations and quotation marks omitted]; see also Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443, 457-458 [1965]).

B.

It is not enough that a non-domiciliary defendant transact business in New York to confer long-arm jurisdiction. In addition, the plaintiff's cause of action must have an "articulable nexus" or "substantial relationship" with the defendant's transaction of business here (Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 339 [2012]). At the very least, there must be "a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim" (id. at 339). This inquiry is "relatively permissive" and an articulable nexus or substantial relationship exists "where at least one element arises from the New York contacts" rather than "every element of [the] cause of action pleaded" (id. at 339, 341). The nexus is insufficient where the relationship between the claim

and transaction is "too attenuated" or "merely coincidental" (Johnson v Ward, 4 NY3d 516, 520 [2005]).

Plaintiff asserts that defendant breached the parties' oral agreement by not paying commissions on wine sales to Kobrand. To prevail on this claim, plaintiff must show that defendant failed to pay commissions due on sales to a distributor that plaintiff identified and solicited for defendant. Plaintiff's claim has a substantial relationship to defendant's business activities in New York. Defendant traveled to New York to attend the Great Match Event where plaintiff introduced defendant to Kobrand. Defendant then joined plaintiff in attending two promotional events hosted by Kobrand in New York, which resulted in Kobrand purchasing defendant's wine and, eventually, entering an exclusive distribution agreement for defendant's wine in the United States. Those sales to Kobrand -- and the unpaid commissions thereon -- are at the heart of plaintiff's claim.

Indeed, contrary to the Appellate Division's holding, the parties' oral agreement was not performed "wholly in Spain" (128 AD3d at 487). Rather, as set forth above, both sides engaged in activities in New York in furtherance of their agreement. There is an articulable nexus or substantial relationship between defendant's New York activities and the parties' contract, defendant's alleged breach thereof, and potential damages. Accordingly, we hold that plaintiff's claim

arises from defendant's transaction of business in New York.

### III.

Exercise of personal jurisdiction under CPLR 302 (a) (1) must also comport with federal due process (Rushaid, 28 NY3d at 330). We have recognized that CPLR 302 and due process are "not coextensive"; nonetheless, while "personal jurisdiction permitted under the long-arm statute may theoretically be prohibited under due process analysis, we would expect such cases to be rare" (id. at 331).

Federal due process requires first that a defendant have "minimum contacts" with the forum State such that the defendant "'should reasonably anticipate being haled into court there'" (LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 216 [2000]; quoting World-Wide Volkswagen Corp. v Woodson, 444 US 286, 297 [1980]), and second, that the prospect of having to defend a suit in New York comports with "'traditional notions of fair play and substantial justice'" (LaMarca, 95 NY2d at 216, quoting International Shoe Co. v Washington, 326 US 310, 316 [1945]).

Under the first element, defendant has established minimum contacts with New York by visiting the state on multiple occasions to promote its wine with the purpose of finding a United States distributor and thereafter selling wine to a New York-based distributor. As in LaMarca, defendant availed itself of the privilege of doing business in New York by taking "purposeful action, motivated by the entirely understandable wish

to sell its products here" (95 NY2d at 217).  Having done so,
defendant could reasonably foresee having to defend a lawsuit in
New York.

The second element, in essence, asks whether personal
jurisdiction "is reasonable under the circumstances of the
particular case" (Bank Brussels Lambert v Fiddler Gonzalez &
Rodriguez, 305 F3d 120, 129 [2d Cir 2002] [internal citations and
quotation marks omitted]); see also LaMarca, 95 NY2d at 217).
Where minimum contacts exist, the defendant has the burden to
"present a compelling case that the presence of some other
considerations would render jurisdiction unreasonable" (LaMarca,
95 NY2d at 217-218 [internal citations and quotation marks
omitted]).  On appeal, defendant has not presented any compelling
reason why the exercise of jurisdiction is unreasonable (cf. id.
at 218 [listing five reasonableness factors]).  Rather, defendant
availed itself of the privilege of conducting business in New
York by promoting its wine here, soliciting a distributor here,
and selling wine to that New York-based distributor.  Therefore,
the exercise of long-arm jurisdiction over defendant comports
with federal due process.

Accordingly, the order of the Appellate Division should
be reversed, with costs, and defendant's motion for summary
judgment denied.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order reversed, with costs, and defendant's motion for summary
judgment dismissing the complaint denied.  Opinion by Chief Judge
DiFiore.  Judges Rivera, Stein, Fahey, Garcia and Wilson concur.


Decided June 8, 2017