*Touro College v. Fondazione Touro University Rome Onlus*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand eighteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

_____

TOURO COLLEGE, MICHAEL NEWMAN,
SIDNEY SIMCHA FISHBANE,

> *Petitioners-Appellants*,

> v.                                          No. 17-3107

FONDAZIONE TOURO UNIVERSITY ROME
ONLUS, SETTIMIO DI NEPI, URIEL LATTES,

> *Respondents-Appellees*.

_____

For Petitioners-Appellants:          PAUL F. MILLUS (Daniel B. Rinaldi, *on the brief*), Meyer, Suozzi, English & Klein, P.C., Garden City, NY.

1

For Respondents-Appellees:  JOHN V. VINCENTI (Elyse C. Pillitteri, *on the brief*),
Vincenti & Vincenti, P.C., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioners-appellants Touro College, Michael Newman, and Sidney Simcha Fishbane (collectively, "Touro") appeal the judgment of the United States District Court for the Southern District of New York (Batts, *J.*) dismissing without prejudice their petition against respondents-appellees Fondazione Touro University Rome Onlus, an Italian not-for-profit headquartered in Italy, and Settimio Di Nepi and Uriel Lattes, both citizens and residents of Italy. Touro's petition challenges, among other things, an allegedly misleading website that the respondents (collectively, the "Foundation") used to advertise Touro University Rome, a contemplated institute of higher education that never opened. The district dismissed the complaint for lack of personal jurisdiction over the Foundation and on the ground of *forum non conveniens*. We assume the parties' familiarity with the factual background and procedural history of this case, as well as the issues on appeal.

We begin with jurisdiction. Touro argues that, contrary to the decision below, the Foundation was subject to suit in New York under two provisions of New York's long-arm statute. "We review *de novo* a district court's decision to dismiss a complaint for lack of personal jurisdiction." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a

2

*prima facie* showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

Touro, relying on the Foundation's website, first argues that the district court had personal jurisdiction over the Foundation because it "transact[ed] . . . business" in New York. N.Y. C.P.L.R. § 302(a)(1). "A non-domiciliary defendant transacts business in New York when on his or her own initiative, the non-domiciliary projects himself or herself into this state to engage in a sustained and substantial transaction of business." *D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 298 (2017) (brackets and internal quotation marks omitted); *accord Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246-47 (2d Cir. 2007) ("New York courts define transacting business as purposeful activity—some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (internal quotations omitted)).

Touro contends that this standard is met merely because the Foundation's website misleadingly suggested that Touro University Rome was affiliated with the New York-based Touro College, permitted users to download an application form for admission, and advertised "American" degrees. However, this is insufficient to show that the Foundation, whose website promoted a notional university in Italy that never progressed to the point of entertaining applications, "project[ed]" itself into New York "to engage in a sustained and substantial transaction of business." *Bodega Olegario*, 29 N.Y.3d at 298 (internal quotation marks omitted); *cf. Chloé*, 616 F.3d at 170–71 (out-of-state defendant transacted business in New York by personally shipping a counterfeit bag into New York and by operating a website that had facilitated 52 other transactions with New York residents).

3

Touro, again pointing to the website, next argues that the Foundation is subject to suit under N.Y. C.P.L.R. § 302(a)(3)(ii), which provides for jurisdiction over certain non-residents who "commit[] a tortious act without the state causing injury . . . within the state . . . ." A plaintiff relying on section 302(a)(3)(ii) must satisfy five elements, but we need only address the fourth: whether the Foundation "expected or should reasonably have expected the [alleged tortious] act to have consequences in New York . . . ." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 16 N.Y.3d 295, 302 (2011). This requirement "is met when the nonresident tortfeasor expects, or has reason to expect, that his or her tortious activity" outside the state "will have *direct* consequences in New York," *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214 (2000) (brackets, ellipsis, and internal quotation marks omitted), and is "intended to ensure some link between a defendant and New York State to make it reasonable to require a defendant to come to New York to answer for tortious conduct committed elsewhere," *Ingraham v. Carroll*, 90 N.Y.2d 592, 598 (1997).

Touro urges that the Foundation should reasonably have expected its website to "confuse and deceive" people in New York and cause prospective Touro students to instead apply to Touro University Rome. Appellants' Br. at 38. There is no allegation that this happened, however, or any allegation that Touro University Rome was anywhere close to entertaining applications or opening its doors. We conclude that these hypothetical consequences in New York are too indirect to satisfy the test. *Cf. Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 242 (2d Cir. 1999) (Section 302(a)(3)(ii) supports jurisdiction over non-resident manufacturer whose

product caused an injury in New York, where it entered an "exclusive sales rights" agreement with a distributor whose territory included New York).[1]

Because we conclude that the district court properly dismissed this case for lack of personal jurisdiction, we do not reach Touro's argument that the district court erred in alternatively dismissing the complaint on the ground of *forum non conveniens*. We have considered Touro's other arguments and found them without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

<div style="margin-left: 40%;">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>

---

[1] Touro's contention that the district court erred in entertaining the Foundation's motion to dismiss lacks merit. The Foundation's letter setting forth its intention to move to dismiss and explaining why it needed more time to adequately defend the litigation can readily be construed as a request for an extension of time. The district court's implicit finding that good cause was shown to grant the extension, *see* Fed. R. Civ. P. 6(b)(1), was well within its discretion, *see Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 283–84 (2d Cir. 2005) (per curiam).

5