Repwest Ins. Co. v Country-Wide Ins. Co. (2018 NY Slip Op 06505)





Repwest Ins. Co. v Country-Wide Ins. Co.


2018 NY Slip Op 06505


Decided on October 2, 2018


Appellate Division, First Department


Singh, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Angela M. Mazzarelli, J.P.
Barbara R. Kapnick
Marcy L. Kahn
Cynthia S. Kern
Anil C. Singh, JJ.


159031/15 6394 

[*1]Repwest Insurance Co., Plaintiff-Respondent,
v
Country-Wide Insurance Co., Defendant-Appellant.



Defendant appeals from the order of the Supreme Court,
New York County (Debra A. James, J.), entered September 7, 2017, which granted plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, and denied defendant's cross motion to dismiss.




Jaffe & Koumourdas, LLP, New York (Thomas Torto of counsel), Jason Levine, New York, for appellant.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York (Gary R. Greenman and Kevin F. Pinter of counsel), for respondent.



SINGH, J.


On this appeal we are asked to consider an issue that we have never directly addressed: whether an automobile liability policy's territory of coverage clause that covers any accident within the United States and the occurrence of the accident in the forum state are sufficient to confer personal jurisdiction over the primary insurer of the offending vehicle. We find that the connection is not sufficient to comport with federal due process, and that this renders the foreign judgment unenforceable.
This action arises out of a vehicular accident that occurred in North Carolina. On February 29, 2012, nonparty Alexa Ancrum, a New York resident, entered into a rental agreement with U-Haul of Huntspoint (U-Haul), located in the Bronx. The rental agreement states that the policy is excess or secondary to any other insurance coverage of Ms. Ancrum. U-[*2]Haul's excess liability insurer is plaintiff Repwest Insurance Co. (Repwest), a company incorporated under the laws of Arizona with its principal place of business in Phoenix, Arizona.
Defendant Country-Wide Insurance Co. (Countrywide) issued Ms. Ancrum a personal automobile insurance policy with liability limits of $25,000 per person/$50,000 per accident. The policy's territory of coverage clause insures against loss from liability imposed by law upon the insured for any accident "within the State of New York, or elsewhere in the United States in North America. . ." Countrywide is incorporated under the laws of Delaware with its principal place of business in New York City.
On March 2, 2012, Ms. Ancrum rear-ended a vehicle occupied by nonparties Ernesto Rodriguez and Anthony Wade, in Rowan County, North Carolina.
Repwest settled with Mr. Rodriguez on his property damage claim. Upon Repwest's demand, Countrywide reimbursed Repwest the sum of $1,509.18 as settlement of the property damage arising out of the accident. Mr. Rodriguez and Mr. Wade also claimed bodily injury. In November 2012, Repwest paid $25,000 to Mr. Rodriguez and $16,000 to Mr. Wade in full settlement for bodily injury. The two released Repwest from all claims.
Thereafter, Repwest demanded payment from Countrywide on equitable subrogation grounds. Repwest had settled the bodily injury claims under its excess liability coverage and maintained that it was entitled to reimbursement from Countrywide, the primary liability carrier.
When Countrywide failed to make the payment, Repwest commenced an action in North Carolina against Countrywide, alleging equitable subrogation seeking the principal sum of $41,000. In its complaint, Repwest asserted that North Carolina had jurisdiction over the parties as the accident occurred within the state. Countrywide was properly served with the complaint in New York on February 25, 2015. On June 8, 2015, the North Carolina court entered a default judgment against Countrywide for the amount demanded in the complaint.
On August 20, 2015, Repwest brought this action in New York County by filing a summons and motion for summary judgment in lieu of complaint, pursuant to CPLR 3213, to domesticate the North Carolina default judgment against Countrywide. In its supporting affirmation, Repwest argued that North Carolina's default judgment should be domesticated and enforced in New York under the precept of full faith and credit. Countrywide
cross-moved to dismiss on the ground that North Carolina lacked personal jurisdiction.
Supreme Court granted Repwest's motion holding that the North Carolina court properly exercised personal jurisdiction over Countrywide as the insurer of a "New York State resident motorist should have reasonably anticipated that it would have to defend itself in an action where its insured is involved in a motor vehicle accident in a sister state."
We disagree. Although collateral attack on the merits of a sister state's judgment is not permissible, a party may nevertheless challenge the basis of the judgment court's personal jurisdiction (see All Terrain Props. v Hoy, 265 AD2d 87, 91 [1st Dept 2000]). The challenge to personal jurisdiction requires a two-part analysis: (1) whether the sister state's long-arm statute has been complied with, and (2) whether that court's exercise of jurisdiction comports with federal constitutional principles of due process (JDC Fin. Co. I v Patton, 284 AD2d 164, 166 [1st Dept 2001]).
Since Countrywide does not dispute that North Carolina's long-arm statute (NC Gen Stat Ann § 1-75.4[10][b]) has been satisfied, we turn to whether North Carolina's exercise of personal jurisdiction over Countrywide comports with federal due process. "Federal due process requires first that a defendant have minimum contacts with the forum state such that the defendant should reasonably anticipate being haled into court there, and second, that the prospect of having to defend a suit in [the forum state] comports with traditional notions of fair play and substantial justice" (D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 300 [2017] [internal citations and quotation marks omitted]; see also JDC Fin. Co. I v [*3]Patton, 284 at 166 [internal citations and quotation marks omitted] [The "constitutional touchstone [is] whether the defendant purposefully established minimum contacts in the forum state"]; International Shoe Co. v Washington, 326 US 310, 316 [1945] [finding that these minimum contacts are such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice]).
A nondomiciliary defendant may reasonably foresee the prospect of defending a suit in the forum state "if it purposefully avails itself of the privilege of conducting activities within the forum [s]tate" (LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 216 [2000] [internal citations and quotation marks omitted]; Rushaid v Pictet & Cie, 28 NY3d 316, 331 [2016] [same]; Deutsche Bank Sec., Inc, v Montana Bd. of Invs., 21 AD3d 90, 94 [1st Dept 2005]["it is essential that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws"] [internal citations and quotation marks omitted], affd 7 NY3d 65 [2006], cert denied 549 US 1095 [2006]).
We start our analysis with courts in other jurisdictions that have addressed whether an automobile insurance policy's territory of coverage clause provides a sufficient connection between an insurer and the situs of the accident. In OMI Holdings, Inc. v Royal Ins. Co. of Canada (149 F3d 1086, 1095 [10th Cir 1998]), the Tenth Circuit held that "sole reliance on the territory of coverage clause creates contacts which are qualitatively low on the due process scale." Further, in considering whether the exercise of jurisdiction violates fair play and substantial justice, the court assessed the burden on the foreign insurance company to litigate in the forum state, the forum state's interest in adjudicating the dispute, the plaintiff's interest in convenient and effective relief, the interstate judicial system's interest in obtaining an efficient resolution, and the shared interests of several states in furthering fundamental substantive social policies. In considering these factors, the Tenth Circuit held that litigating in the forum state would be unreasonable and inconsistent with the notions of fair play and substantial justice.
In Erie Ins. Exch. v Larose (202 So 3d 148 [Fla. 2d DCA 2016]), the Florida Court of Appeals found that a Pennsylvania insurer that issued a policy to a Wisconsin corporation to cover vehicles principally garaged in Wisconsin did not have sufficient minimum contacts in Florida based on an accident that occurred in Florida. The court stated that "[e]ven if an insurer might foresee that one of its insureds might travel to Florida, the unilateral activity of that insured, without more, is insufficient to create personal jurisdiction over a nonresident defendant" (id. at 155). Further, the court held that "the mere provision of coverage for accidents nationwide is not enough, standing alone, to confer jurisdiction over a nonresident defendant insurer that has not otherwise taken steps to purposefully avail itself of a particular forum" (id.). Since the Pennsylvania insurer was not licensed in Florida, did no business in Florida, had no office in Florida and never sought to do business in Florida, the court held that the insurer did not purposely avail itself of conducting any business in Florida.
Repwest, citing to other cases, contends that minimum contacts have been established (see Rossman v State Farm Mut. Auto. Ins. Co., 832 F2d 282, 286 [4th Cir 1987] [where the Fourth Circuit found that by issuing a policy with a territory of coverage clause that included Virginia, an Illinois automobile liability insurer created sufficient minimum contacts to support the exercise of personal jurisdiction because the insurer could anticipate the risk that its policyholders would travel to different states and become involved in accidents and litigation there]; Farmers Ins. Exch. v Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 914 [9th Cir. 1990] [the Ninth Circuit, adopting Rossman, reversed, finding that "litigation requiring the presence of the insurer [in foreign states] is not only foreseeable, but it was purposefully contracted by the insurer"]).
There is a split in authority as to whether the existence of a territory of coverage clause [*4]constitutes sufficient contact with the forum state to support specific jurisdiction. For example, while the Ninth Circuit in Farmers Ins. Exch. held that an insurer had shown purposeful availment, the court in King v American Family Mut. Ins. (632 F3d 570 [9th Cir 2011] and Hunt v Erie Ins. Group (728 F2d 1244 [9th Cir 1984]) held otherwise.
We disagree with Rossman and Farmers to the extent that they hold that the territory clause of a foreign insurer's policy and the situs of the accident provides sufficient contact with the forum state.
We find that minimum contacts has not been established on this record. Countrywide did not purposefully avail itself of conducting activities within North Carolina. It is undisputed that Countrywide has never been licensed or authorized to do business in any capacity in North Carolina. At all times relevant to this suit, Countrywide has only been licensed to issue insurance policies within New York State. Countrywide has never maintained an office or employees in North Carolina. It is a company incorporated under the laws of Delaware, with its principal place of business in New York. Countrywide has never conducted or solicited business in or from North Carolina. There is a qualitative distinction between contracting to cover an insured under a territory of coverage clause and the insurer of the policy being amenable to being haled into court anywhere in the United States in a dispute with another insurer. Countrywide cannot reasonably foresee being haled into court in a state where it did not purposefully direct its activities (see D & R Global Selections, S.L., 29 NY3d at 300).
Moreover, conferring jurisdiction also violates fair play and substantial justice. Since Countrywide has no connection with North Carolina, it would be a burden for the insurer to litigate the subrogation claim with Repwest in that state. Repwest, while authorized to do business in North Carolina, is an Arizona corporation with its principal place of business in Phoenix.
In contrast to Rossman and Farmers where the underlying automobile accidents involved residents of the forum state who brought litigation within the state, here, neither Ms. Ancrum, Mr. Rodriguez or Mr. Wade had any connection with North Carolina. Ms. Ancrum was a New York resident, while Mr. Rodriguez and Mr. Wade were Maryland residents. Notably, Mr. Rodriguez and Mr. Wade received reimbursements from Repwest, without resorting to litigation in North Carolina. On this record, we find that North Carolina does not have a compelling interest to adjudicate a dispute between foreign insurers over equitable subrogation.
For the foregoing reasons, the North Carolina judgment is not entitled to full faith and credit. Contrary to Repwest's contention, there is nothing in the record to indicate that a hearing on jurisdiction is warranted.
Accordingly, the order of the Supreme Court, New York County (Debra A. James, J.), entered September 7, 2017, which granted plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, and denied defendant's cross motion to dismiss, should be reversed, on the law, without costs, the motion denied, and the cross motion granted. The Clerk is directed to enter judgment accordingly.
All concur.
Order Supreme Court, New York County (Debra A. James, J.), entered September 7, 2017, reversed, on the law, without costs, the motion denied, and the cross motion granted.
Opinion by Singh, J. All concur.
Mazzarelli, J.P., Kapnick, Kahn, Kern, Singh, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK