Aston v Algoma Hardwoods, Inc. (2019 NY Slip Op 04325)





Aston v Algoma Hardwoods, Inc.


2019 NY Slip Op 04325


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9516 160588/15

[*1]Katherine Aston, et al, Plaintiffs-Appellants,
v
Algoma Hardwoods, Inc., et al., Defendants, Dykes Lumber Co., Inc., Defendant-Respondent.


Belluck & Fox, LLP, New York (Seth A. Dymond of counsel), for appellants.
Clyde & Co US LLP, New York (Peter J. Dinunzio of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 14, 2018, which granted defendant Dykes Lumber Co., Inc.'s (defendant) motion to dismiss the complaint as against it for lack of personal jurisdiction, unanimously affirmed, without costs.
Supreme Court correctly determined that it does not have personal jurisdiction pursuant to CPLR 302(a)(1) over defendant Dykes Lumber Co., Inc. Plaintiff, a New Jersey resident, alleges that she was injured in New Jersey by products allegedly sold at defendant's establishment in New Jersey. She has identified no activity of defendant in New York, either before or after its headquarters moved to New Jersey, that has a sufficient nexus to the injury to confer jurisdiction pursuant to CPLR 302(a)(1) (see generally D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 297-298 [2017]; cf. Robins v Procure Treatment Ctrs., Inc., 157 AD3d 606 [1st Dept 2018] [where injury occurred as result of medical treatment at New Jersey facility by New Jersey defendant, evidence of defendant's advertising in New York and referral agreement with New York facility warranted jurisdictional discovery under CPLR 302(a)(1)]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK