Cruz v City of New York (2022 NY Slip Op 06546)

Cruz v City of New York

2022 NY Slip Op 06546

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kern, J.P., Scarpulla, Rodriguez, Pitt, Higgitt, JJ. 

Index No. 33774/18E Appeal No. 16668 Case No. 2021-03821 

[*1]Angel Cruz, Plaintiff-Respondent,
v
City of New York et al., Defendants-Respondents.
City of New York et al., Third-Party Plaintiffs-Respondents,
v
Komatsu America Corp., et al., Third-Party Defendants, Miller UK Ltd et al., Third-Party Defendants-Appellants, HydraForce, Inc., et al., Third-Party Defendants-Respondents. [And Other Third-Party Actions]

Littleton Park Joyce Ughetta & Kelly LLP, New York (Michael H. Bai of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Angel Cruz, respondent.
Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for City of New York, Port Authority of New York and New Jersey and Delta Air Lines, Inc., respondents.
Gartner + Bloom, P.C., New York (Susan P. Mahon of counsel), for Hydraforce, Inc. and Hydraforce Hydraulic Systems (Changzhou) Co., Ltd., respondents.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about April 13, 2021, which, to the extent appealed from, denied the motion of third-party defendants Miller UK Ltd (Miller UK) and Miller International Ltd. (Miller International; together, Miller parties) to dismiss the third-party complaint as against them for lack of personal jurisdiction, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the third-party complaint as against the Miller parties.
Plaintiff was injured when, while working on the Terminal D rehabilitation project at LaGuardia Airport, the bucket of an excavator, which was hoisting rebar and bundles, detached or decoupled and fell, striking him. He commenced this action in Bronx County and asserted Labor Law and common-law negligence claims, as well as a strict products liability claim. Defendants, in turn, commenced a third-party action against the Miller parties, among others, alleging, as relevant here, that the Miller parties defectively manufactured the coupler in the excavator that failed, and asserting claims for indemnification and contribution. As relevant here, the Miller parties' co-third-party defendants, HydraForce, Inc. and HydraForce Hydraulic Systems, (Changzhou) Co., Ltd. (together, HydraForce parties), allegedly designed, manufactured, or sold a defective spool valve that was used in the Miller coupler, and which also failed at the time of plaintiff's accident.
The Miller parties' motion to dismiss should have been granted on the basis of lack of personal jurisdiction. As an initial matter, defendants have failed to establish general jurisdiction over the Miller parties. General jurisdiction exists over a corporate entity only in the state(s) in which it is incorporated and has its principal place of business (see Aybar v Aybar, 37 NY3d 274, 289 [2021]; Motorola Credit Corp. v Standard Chartered Bank, 24 NY3d 149, 160 n 4 [2014], citing Daimler AG v Bauman, 571 US 117, 137-138 [2014]). As Miller UK is a United Kingdom company with its principal place of business in the United Kingdom and Miller International is a Gibraltar company with its principal place of business in Gibraltar, there is no general jurisdiction over the Miller parties.
Defendants have also failed to establish specific jurisdiction over the Miller parties pursuant to CPLR 302(a)(1), CPLR 302 (a)(3)(i) or CPLR 302 (a)(3)(ii). Although the Miller parties might have placed the coupler involved in plaintiff's accident into the stream of commerce, and while they tout having a global customer base and business model, the Supreme Court of the United States has made clear that "the 'fortuitous circumstance' that a product sold in another state later makes its way into the forum jurisdiction through no marketing or other effort of [the] defendant," or "'the mere likelihood that a product will find its way into the forum[,]' cannot establish the requisite connection [*2]between [the] defendant and the forum" to support an exercise of specific personal jurisdiction (Williams, 33 NY3d at 528-529, quoting World-Wide Volkswagen Corp. v Woodson, 444 US 286, 295, 297 [1980]). As for the Miller parties' retention of New York-based patent lawyers and prolix litigation in Illinois federal court, there is no evidence that plaintiff's accident arose out of these contacts with New York State, or even the United States (see generally D&R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 298-299 [2017]). For the same reason, the social media posts on which defendants, plaintiff, and the HydraForce parties rely, all postdate plaintiff's accident. Thus, even if they were to be considered part of a marketing strategy that the Miller parties deployed to market and sell their products in New York State — which, the Miller parties make clear, they were not — they still cannot establish a connection between plaintiff's accident and the Miller parties' presence in the State. In light of our conclusion that defendants have failed to establish personal jurisdiction over the Miller parties pursuant to the CPLR, we do not reach the due process arguments.
Furthermore, defendants, plaintiff and the HydraForce parties are not entitled to jurisdictional discovery from the Miller parties, as they did not make "a sufficient start" to show that "essential jurisdictional facts are not presently known . . . [and] within the exclusive control of the moving party" (Peterson v Spartan Indus., 33 NY2d 463, 466-467 [1974]; see CPLR 3211 [d]). All of the information that defendants claim jurisdictional discovery could reveal to support exercising jurisdiction over the Miller parties either is expressly negated by the affirmations from Miller UK's chief financial officer and the Miller International director, irrelevant to the jurisdictional issues in this case, or not within the Miller parties' exclusive control.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022