*Yehuda v. Zuchaer*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand twenty-three.

PRESENT:

> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

———————————————————————

AVRAHAM YEHUDA,

> *Plaintiff-Appellant*,

> v.                                                                 No. 22-1972

MOSHE ZUCHAER, ZUCHAER & ZUCHAER CONSULTING LLC, ZUCHAER & ZUCHAER CONSULTING INC.,

> *Defendants-Appellees*.

———————————————————————

**For Plaintiff-Appellant:**        Steven R. Haffner, David E. Gordon, Gordon & Haffner, LLP, Harrison, NY.

**For Defendants-Appellees:**        Rachelle Rosenberg, Rosenberg & Steinmetz, P.C., Valley Stream, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 21, 2022 judgment of the district court is **AFFIRMED**.

Plaintiff Avraham Yehuda appeals from the district court's judgment dismissing his claims for, among other things, common-law fraud against Moshe Zuchaer, Zuchaer & Zuchaer Consulting Inc. ("Z&Z Inc."), and Zuchaer & Zuchaer Consulting LLC ("Z&Z LLC" and, collectively with Z&Z Inc. and Zuchaer, "Defendants"). Yehuda argues that the district court erred in finding that it lacked personal jurisdiction over Defendants. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

## I. Background

In March 2009, Yehuda, a citizen of Israel, and Zuchaer, a citizen of Florida, allegedly entered into an agreement to develop two commercial real estate

2

properties located in Texas (the "Properties"). Yehuda alleges that the Properties were titled in the name of a holding company, Flowerdale LLC ("Flowerdale"), in which he had a 33 percent interest and Zuchaer had a 67 percent interest. In April 2009, Yehuda and Zuchaer signed a two-page Control Agreement giving Yehuda 33 percent of the stock of Z&Z Inc., a Florida corporation. Though not reflected in the Control Agreement, Yehuda asserts that he and Zuchaer agreed that Flowerdale would transfer title to the Properties to Z&Z Inc., which would then oversee the development.

Things did not go as planned. Unbeknownst to Yehuda, the Properties were never transferred to Z&Z Inc. but instead remained titled in Flowerdale's name. Zuchaer then allegedly transferred Flowerdale to Z&Z LLC, a company that Yehuda alleges is based in Florida and owned entirely by Zuchaer.[1] In 2018, Z&Z LLC assigned its interest in Flowerdale, which still held title to the Properties, to Project Verte ("PV") in exchange for a $4 million promissory note. Z&Z LLC – through Zuchaer – executed the assignment agreement in Florida, while PV executed it two days later in New York. *See* Yehuda App'x at 90.

---

[1] Yehuda does not explain how Flowerdale, which he jointly owned with Zuchaer, was transferred to Z&Z LLC.

PV defaulted on the promissory note in August 2020. Pursuant to the forum-selection clause in the note, Z&Z LLC sued PV in the Southern District of New York to enforce the note and collect the balance owed. According to Yehuda, it was through that suit that he first learned of the sale of the Properties to PV.

Upon learning that Flowerdale and the Properties had been sold to PV, Yehuda brought this case in the Southern District of New York against Zuchaer, Z&Z Inc., and Z&Z LLC, asserting claims for common-law fraud, constructive trust, fraudulent conveyance, and, against Zuchaer only, equitable accounting. The district court dismissed the case for lack of personal jurisdiction, concluding that Yehuda failed to plead facts that could establish jurisdiction under New York's long-arm statute. Yehuda timely appealed.

## II. Discussion

We review a district court's dismissal for lack of personal jurisdiction "for clear error on factual holdings and *de novo* on legal conclusions." *Fat Brands Inc. v. Ramjeet*, 75 F.4th 118, 125 (2d Cir. 2023) (internal quotation marks omitted). We conclude that the district court did not err in dismissing Yehuda's claims.

4

## A.  The "Affirmative Relief Rule"

For the first time on appeal, Yehuda argues that Z&Z LLC effectively consented to personal jurisdiction in New York by suing PV in the Southern District of New York.  In support of this argument, Yehuda invokes the "affirmative relief rule" adopted by the First and Federal Circuits.  Under that rule, "personal jurisdiction exists where a defendant . . . independently seeks *affirmative* relief in a separate action before the same court concerning the same transaction or occurrence."  *V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 132 (2d Cir. 2022) (discussing, without adopting, the affirmative relief rule).

Because Yehuda failed to make this argument in the district court, we decline to address it.  "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."  *Solis v. Loretto-Oswego Residential Health Care Facility*, 692 F.3d 65, 75 (2d Cir. 2012) (internal quotation marks omitted).  And while "[w]e may exercise our discretion to address such issues when, for example, we think it necessary to remedy an obvious injustice," that is not the case here.  *Id.* (internal quotation marks omitted).  The district court dismissed Yehuda's case without prejudice.  He is free to refile it in a court with jurisdiction.

5

Yehuda nevertheless insists in his reply brief that he raised the "elements" of the affirmative relief rule when he stated – as part of his argument that exercising jurisdiction under New York's long-arm statute would satisfy constitutional due process – that "Z&Z LLC purposefully availed itself of the privileges of conducting activities in New York" by suing PV in the Southern District. Reply Br. at 3. But Yehuda's "purposeful availment" argument related to the issue of constitutional due process; Yehuda never asserted that Z&Z LLC had *consented* to personal jurisdiction with respect to all of Yehuda's claims. Yehuda has therefore forfeited any argument under the affirmative relief rule.

## B. New York's Long-Arm Statute

Next, Yehuda argues that the district court erred in finding that he failed to plead facts sufficient to establish personal jurisdiction under New York's long-arm statute. We disagree.

Under C.P.L.R. § 302(a)(1) – the sole provision of New York's long-arm statute that Yehuda has invoked – "jurisdiction over a nondomiciliary exists where (i) a defendant transacted business within the state and (ii) the cause of action *arose from that transaction of business.*" *Johnson v. Ward*, 4 N.Y.3d 516, 519 (2005) (emphasis added). For purposes of the second element, "[a] claim arises from a

6

particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted." *Edwardo v. Roman Catholic Bishop of Providence*, 66 F.4th 69, 76 (2d Cir. 2023) (internal quotation marks omitted). "Although the inquiry under the statute is relatively permissive, and causation is not required, not every conceivable connection to a New York transaction is substantial enough to confer jurisdiction." *Id.* (internal quotation marks omitted). "[A]n articulable nexus or substantial relationship exists where *at least one element* [of the cause of action] arises from the New York contacts . . . ." *D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 299 (2017) (emphasis added) (internal quotation marks omitted). "The nexus is insufficient where the relationship between the claim and transaction is too attenuated or merely coincidental." *Id.* (internal quotation marks omitted).

Yehuda claims that two of Z&Z LLC's business transactions establish personal jurisdiction under section 302(a)(1). First, he alleges that Z&Z LLC's sale of Flowerdale to PV was a New York business transaction. Second, he alleges that Z&Z LLC's lawsuit against PV in the Southern District of New York likewise constituted a New York business transaction. Assuming without deciding that

7

these acts were, in fact, New York business transactions under section 302(a)(1), we note that Yehuda's causes of action predate both alleged transactions. At bottom, Yehuda's claims arise from the alleged fraud that occurred when Zuchaer, a citizen of Florida, failed to transfer the Properties from Flowerdale to Z&Z Inc. and instead transferred Flowerdale to his wholly owned subsidiary, Z&Z LLC. Though the complaint reveals very little about the circumstances of that alleged fraud, it presumably took place in Florida, and Yehuda concedes that it occurred prior to Z&Z LLC's sale of Flowerdale to PV, *see* Yehuda App'x at 16, which is the earliest New York business transaction that Yehuda identifies. Moreover, accepting the facts in the complaint as true, Yehuda's injury was complete when Zuchaer transferred Flowerdale – including Yehuda's one-third share – to an LLC in which Yehuda had no ownership interest. We therefore fail to see – and Yehuda has certainly failed to identify – *any* elements of his causes of action that did not already exist at the time of the New York business transactions he has alleged. *See D&R Glob. Selections, S.L.*, 29 N.Y.3d at 299.

We are not aware of any New York court that has found personal jurisdiction under section 302(a)(1) where all of the plaintiff's causes of action predate the alleged business transactions they supposedly "arose from." To

8

extend section 302(a)(1) to such situations would require unmooring the inquiry from its text. We decline to do so.

Because Yehuda's causes of action do not arise from the purported New York business transactions that he identifies, we conclude that the district court did not err in finding that it lacked personal jurisdiction under section 302(a)(1).

## C. Jurisdictional Discovery

Finally, Yehuda summarily argues that the district court abused its discretion by dismissing his claims without ordering jurisdictional discovery. But while Yehuda argues that jurisdictional discovery might yield more information regarding Z&Z LLC's sale of the Properties to PV, any additional information regarding that sale would be irrelevant since, even assuming that the sale was a New York business transaction, it still did not give rise to Yehuda's causes of action for the reasons stated earlier. Because a court "does not abuse its discretion in denying jurisdictional discovery if the party seeking discovery cannot articulate a reasonable basis for the court first to assume jurisdiction," the district court did not abuse its discretion here. *Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse*, 999 F.3d 808, 828 (2d Cir. 2021) (internal quotation marks omitted).

9

\*　　\*　　\*

We have considered Yehuda's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court