Katz v Navios Mar. Holdings, Inc.
2026 NY Slip Op 03731
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Todd Katz, Plaintiff-Appellant,
v
Navios Maritime Holdings, Inc., Defendant-Respondent.

Decided and Entered: June 11, 2026
Index No. 157627/25|Appeal No. 6862|Case No. 2026-00572|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

Reid Collins & Tsai LLP, New York (Jessica Zeldin, of the bar of the State of Delaware, admitted pro hac vice, of counsel), for appellant.
Israel David LLC, New York (Israel David of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 9, 2026, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 3211(a)(8), unanimously reversed, on the law, with costs, and the motion denied.
Supreme Court improperly determined that defendant did not engage in sufficient purposeful activity in New York to bring it within the purview of CPLR 302(a)(1). Pursuant to the certificates of designation governing the preferred stock issued by defendant to plaintiff, defendant was required to provide dividends to a paying agent, which then provided the funds to a depository to pay the preferred stockholders. To facilitate dividend distributions, defendant designated entities located in New York as the paying agent and the depository. Further, defendant's agreements with each of the depositories required the depository to maintain facilities in New York City. Defendant also contracted with multiple underwriters based in New York to sell the preferred stock. Accordingly, given the breach of contract allegations in plaintiff's complaint, defendant purposefully availed itself of New York law through its agreements with the paying agent, the depositories, and the underwriters (see D&R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 298 [2017]; cf. Sphinx Inv. Corp. v Paliou, 2024 NY Slip Op 32808[U], *4 [Sup Ct, NY County 2024] [dismissing complaint for lack of personal jurisdiction absent any allegation that key decisions related to a take-over scheme of a shipping company through a dilution of common shares occurred in New York, and any alleged New York-based contacts were "nothing more than mere link[s] in the chain of causation flowing from" defendants' scheme] [internal quotation marks omitted]).
Contrary to defendant's contention, these New York-based contacts are sufficiently related to plaintiff's underlying breach of contract claim because "at least one element [of the cause of action] arises from the New York contacts" (Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 341 [2012]). Defendant allegedly breached its duty under the certificates of designation not to sell stock to its affiliates "unless full cumulative dividends on the [preferred stock] . . . have been paid." Defendant's alleged breach consisted of not only its agreement to sell stock to one of its affiliates but also its failure to make full cumulative dividend payments to the preferred stockholders before completing the sale. Accordingly, defendant's failure to make dividend payments, which necessarily would have been sent to its paying agent in New York, sufficiently connects defendant's contacts with New York to the breach of contract cause of action (see Rushaid v Pictet & Cie, 28 NY3d 316, 330 [2016] [finding that the defendant "effect[ing] the transfers of money to the New York correspondent bank" was "enough to show the minimum level of relatedness"]).
[*2]
Conferring jurisdiction over defendant through the long-arm statute does not violate its right to due process. "Where minimum contacts exist, the defendant has the burden to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" (D&R Global Selections, S.L., 29 NY3d at 300 [internal quotation marks omitted]). Defendant did not meet this burden.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026