■ TODD LAWLOR, Appellant, v JONATHAN HOFFMAN et al., Defendants, and MITCHELL BANCHIK et al., Respondents. [873 NYS2d 192]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from so much of an order of the Supreme Court, Queens County (Agate, J.), dated December 12, 2007, as granted the motion of the defendants Mitchell Banchik and Michael Asch for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court dated June 2, 2008, which denied his motion for leave to renew.

Ordered that the order dated December 12, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 2, 2008 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff alleges that he was physically assaulted by a patron while in a bar. The defendants Mitchell Banchik and Michael Asch (hereinafter the defendants) are shareholders and officers of the corporation that owns the bar. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the basis that they cannot be held personally liable as officers and shareholders of the corporation.

A party seeking to pierce the corporate veil must establish that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135,141 [1993]). It must also be established that the defendants abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff such that a court of equity will intervene (*see Millennium Constr., LLC v Loupolover*, 44 AD3d 1016 [2007]).

Here, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The defendants met their burden of establishing entitlement to judgment as a matter of law and the plaintiff, in opposition, failed to raise a triable issue of fact (*see Millennium Constr., LLC v Loupolover*, 44 AD3d 1016 [2007]). The defendants demonstrated that they were acting only as officers and stockholders in performing corporate business. In opposition, the plaintiff failed to offer any evidence that the defendants were not acting within their corporate capacity or that they exercised complete "domination" or control over the corporate affairs that required further inquiry (*see Maggio v Becca Constr. Co.*, 229 AD2d 426, 427-428 [1996]). The duties and responsibilities of the defendants cited by the plaintiff are consistent with those duties of a corporate officer.

The plaintiff's motion for leave to renew was properly denied (*see Weitzenberg v Nassau County Dept. of Recreation & Parks*, 53 AD3d 653 [2008]). Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.