OPINION OF THE COURT
Fisher, J.
The individual defendant, Victor Canseco, is the principal owner and president of the corporate defendant, Sandpebble Builders, Inc. (hereinafter Sandpebble). The primary issue on this appeal is whether the complaint is sufficient to state a cause of action against Canseco personally for the wrongs of the corporation under the doctrine of piercing the corporate veil.
The complaint names as defendants both Sandpebble and Canseco, as Sandpebble’s president and principal owner. It asserts causes of action jointly against them, referring to them, for the most part, as “the defendants.” The complaint alleges that in April 2002 the plaintiff, East Hampton Union Free School District (hereinafter the district), entered into an agreement with the defendants, subject to an $18 million municipal bond offering, whereby the defendants would provide construction services to the district in consideration of, inter alia, five percent of the total project cost. In 2004, however, after the Board of Education of the district failed to ratify the agreement, the district abandoned it. Thereafter, in 2005, in anticipation of a new project, the district entered into an estimating services contract with the defendants whereby the defendants would provide certain estimates for use by the district’s architects in connection with the new project. The complaint alleges that, although the district paid the defendants the sum of $200,000, the defendants never performed under the agreement, thereby delaying the project. Despite the defendants’ failure to perform, *124 however, the district proposed to them a new construction management agreement in connection with the new project, and an agreement in principle was reached in June 2006. The terms of this agreement were less favorable to the defendants than were the terms of the abandoned 2002 agreement.
The complaint alleges that, notwithstanding this agreement in principle, the defendants refused to execute the contract. The parties reopened negotiations and agreed to a change in the terms, but, again, the defendants refused to execute the contract. According to the complaint, this sequence of renegotiation, agreement in principle, and refusal to execute was repeated twice more until, by letter dated September 15, 2006, the defendants “rejected the contract . . . terminated negotiations with the school district, and stated that [they] were ‘ready, willing and able’ to perform,” but only under the terms of the 2002 agreement. Ultimately, the district contracted with a different provider.
In the complaint, the district alleges that the defendants never intended to perform in connection with the new project, and that their repeated demands for new terms constituted bad faith and unfair negotiating tactics designed to delay progress of the project in order to pressure the district to offer them the more advantageous terms of the 2002 agreement. The complaint alleges throughout that the wrongful conduct was engaged in by “the defendants.” With respect to Canseco specifically, the complaint alleges only that he is “the President and principal owner of Sandpebble,” that he “exercised and exercises complete dominion and control over Sandpebble,” that he “exercised complete dominion and control over Sandpebble, including, but not limited to, all the acts and omissions of Sand-pebble as alleged herein,” that he “used such dominion and control to direct the acts and omissions of Sandpebble as alleged herein, and to commit a wrong against the School District which resulted in injury, harm and damages to the School District,” that he “exercised such dominion and control over Sandpebble while [he] and Sandpebble were engaging in the bad faith and unfair negotiating tactics alleged herein,” and that therefore he is “liable herein, jointly and severally with Sandpebble, for all the acts, omissions, debts, obligations and liabilities of Sand-pebble.”
The defendants moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against Canseco individually. The Supreme Court denied the motion (2007 NY Slip Op 34427[U]), and the defendants appeal.
*125 As an initial matter, we find that the Supreme Court properly denied that branch of the defendants’ motion which was to dismiss the complaint insofar as asserted against Canseco individually under CPLR 3211 (a) (1), inasmuch as the documentary evidence that the defendants submitted in support of that branch of their motion did not establish a defense as a matter of law (see Martinez v La Colonia Rest., 55 AD3d 801 [2008]).
With respect to that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7), the principles governing this appeal are familiar.
“On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see Leon v Martinez, 84 NY2d 83, 87 [1994]; Smith v Meridian Tech., Inc., 52 AD3d 685, 686 [2008]).
Thus, “a motion to dismiss made pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law” (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2006]; see Leon v Martinez, 84 NY2d at 87-88; Fisher v DiPietro, 54 AD3d 892, 894 [2008]; Clement v Delaney Realty Corp., 45 AD3d 519, 521 [2007]). Moreover, the sufficiency of a complaint must be measured against what the law requires of pleadings in the particular case. As our dissenting colleagues correctly point out, the complaint here is not required to meet any heightened level of particularity in its allegations (cf. CPLR 3016). Instead, it need only contain “[statements . . . sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action” (CPLR 3013). The issue that now divides the court is whether, under the doctrine of piercing the corporate veil, the complaint contains allegations sufficient to state a cause of action holding *126 Canseco personally liable for actions he took as Sandpebble’s president and principal owner.*
The general rule, of course, is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability (see Bartle v Home Owners Coop., 309 NY 103, 106 [1955]; Seuter v Lieberman, 229 AD2d 386, 387 [1996]). The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on owners for the obligations of their corporation (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141 [1993]). A plaintiff seeking to pierce the corporate veil must demonstrate that a court in equity should intervene because the owners of the corporation exercised complete domination over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff (id.; see Love v Rebecca Dev., Inc., 56 AD3d 733 [2008]; Millennium Constr., LLC v Loupolover, 44 AD3d 1016 [2007]).
The complaint here certainly alleges that the district sustained damages by reason of the wrongful conduct of Sand-pebble, and that Canseco exercised complete “dominion and control” over the corporation in its dealings with the district. But, if, standing alone, domination over corporate conduct in a particular transaction were sufficient to support the imposition of personal liability on the corporate owner, virtually every cause of action brought against a corporation either wholly or principally owned by an individual who conducts corporate affairs could also be asserted against that owner personally, rendering the principle of limited liability largely illusory. Thus, the party seeking to pierce the corporate veil must also establish “that the owners, through their domination, abused the privilege of doing business in the corporate form” (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at *127 142; see Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141 [2009]; Lawlor v Hoffman, 59 AD3d 499 [2009]; Love v Rebecca Dev., Inc., 56 AD3d at 733). Factors to be considered in determining whether the owner has “abused the privilege of doing business in the corporate form” include whether there was a “failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use” (Millennium Constr., LLC v Loupolover, 44 AD3d at 1016-1017; see Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141 [2009]; AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 24 [2008]).
Notably, even under the liberal “notice pleading” requirements of CPLR 3013, a complaint still must allege, inter alia, “the material elements of each cause of action” asserted. Conduct constituting an abuse of the privilege of doing business in the corporate form is a material element of any cause of action seeking to hold an owner personally liable for the actions of his or her corporation under the doctrine of piercing the corporate veil. Here, nothing in the complaint asserts or suggests that Canseco, in his dealings with the district, acted other than in his capacity as president and principal owner of Sand-pebble, or that he failed to respect the separate legal existence of the corporation, or that he treated its corporate assets as his own, or that he undercapitalized the corporation, or that he did not respect corporate formalities, or that he, in any other way, abused the privilege of doing business in the corporate form (see AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d at 24; cf. Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141 [2009]). Without any allegation that Canseco’s conduct constituted an abuse of the privilege of doing business in the corporate form, the complaint fails to allege a material element of a cause of action against Canseco under the theory of piercing the corporate veil (see Lawlor v Hoffman, 59 AD3d 499 [2009]).
We respectfully disagree with our dissenting colleagues that the complaint’s use of the words “bad faith” sufficiently spells out the element of abusing the privilege of doing business in the corporate form. The requirement of bad faith generally applies not to the doctrine of piercing the corporate veil, but to a cause of action against a corporate officer for inducing the breach of a contract. Thus, in the principal case cited by the dissent in support of its view, the Court of Appeals held that
“[a] corporate officer who is charged with inducing the breach of a contract between the corporation *128 and a third party is immune from liability if it appears that he is acting in good faith as an officer . . . [and did not commit] independent torts or predatory acts directed at another” (Murtha v Yonkers Child Care Assn., 45 NY2d at 915; see Buckley v 112 Cent. Park S., Inc., 285 App Div 331, 334 [1954]).
Here, the complaint does not assert a cause of action against Canseco for inducing the breach of a contract between Sand-pebble and the district, nor does it allege that, independent of his actions on behalf of the corporation, he committed “torts or predatory acts” directed at the district. Thus, we cannot join the dissenters in affording talismanic effect to the words “bad faith.”
It is true that, in opposition to the motion to dismiss, the district offered the affidavits of its counsel and of its Superintendent of Schools. Where a party offers evidentiary proof on a CPLR 3211 (a) (7) motion, the focus of the inquiry turns from whether the complaint states a cause of action to whether the plaintiff actually has one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Steve Elliot, LLC v Teplitsky, 59 AD3d 523, 524 [2009]; Fishberger v Voss, 51 AD3d 627, 628 [2008]). Here, however, the affidavits submitted by the district do little more than restate the alleged unfair and bad faith negotiating tactics described in the complaint, and then aver that Canseco was Sandpebble’s “sole officer, sole director and sole shareholder” who “dominated and controlled Sandpebble for his own benefit.” The affidavits allege further that “Canseco was the School District’s sole point of contact” who was the only one who dealt with the district on behalf of Sandpebble and who “was the only individual at Sandpebble that made any executive decisions regarding any actual or contemplated construction projects for the School District.” Again, these allegations, although clearly sufficient to demonstrate Canseco’s domination over the corporation in its dealings with the district, do not assert or suggest that he abused the privilege of doing business in the corporate form so as to implicate the equitable doctrine of piercing the corporate veil.
Finally, we reject the district’s argument that dismissal of the complaint against Canseco is inappropriate at this stage inasmuch as evidence may eventually be discovered that would justify piercing the corporate veil. The policy inherent in allowing individuals to conduct business in the corporate form so as to shield themselves from personal liability would be seriously *129 threatened were we to allow an insufficient cause of action to survive, at least to the summary judgment stage, merely on the plaintiffs hope that something will turn up. We note that, in an appropriate case, a plaintiff may seek pre-action discovery in order to obtain information relevant to determining who should be named as a defendant (see CPLR 3102 [cj; Matter of Toal v Staten Is. Univ. Hosp., 300 AD2d 592, 593 [2002, McGinity, J., dissenting]; Bonanni v Straight Arrow Publs., 133 AD2d 585, 586-587 [1987]; Matter of Delgado v Lader, 23 Misc 3d 1114[A], 2009 NY Slip Op 50749[U] [Sup Ct, Nassau County, Feb. 19, 2009, Austin, J.]; Siegel, NY Prac § 352, at 573; Weinstein-KornMiller, NY Civ Prac 1Í 3102.12 [2d ed]).
Accordingly, because the complaint fails to state a cause of action as against Canseco personally under the doctrine of piercing the corporate veil, and because the district has not offered any evidence to establish or suggest that it actually has such a cause of action against him, the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant Victor Canseco individually, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed.

 To the extent that the district contends on appeal that the complaint asserts a claim against Canseco for conduct undertaken individually in his own right, and not only for the obligations of Sandpebble under the doctrine of piercing the corporate veil, the argument is not properly before us as it was not made at the Supreme Court. We further note that the district does not argue that Canseco is liable as an officer of Sandpebble for inducing the breach of the contracts between the district and Sandpebble in bad faith (see Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915 [1978]; First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 294 [1999]).