# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1411**
**CA 11-01403**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

ANTHONY MCCLOUD, PLAINTIFF-RESPONDENT,

V                                                                MEMORANDUM AND ORDER

BETTCHER INDUSTRIES, INC., DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

GOLDBERG SEGALLA LLP, BUFFALO (ROBERT E. GALLAGHER, JR., OF COUNSEL),
FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered January 28, 2011 in a personal injury action. The order denied the motion of defendant Bettcher Industries, Inc. for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the renewed motion is granted and the complaint against Bettcher Industries, Inc. is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while operating a breader machine. Bettcher Industries, Inc. (defendant) appeals from an order denying its renewed motion for summary judgment dismissing the complaint against it. It is undisputed that the breader machine was manufactured by Sam Stein Associates (Stein). Approximately 21 years prior to the incident, defendant purchased all of the common stock of Stein pursuant to a written stock purchase agreement. Plaintiff sought to pierce the corporate veil to hold defendant liable for his injuries as the parent corporation of Stein, its subsidiary. We agree with defendant that, as a shareholder, it cannot be held liable for the torts of its subsidiary.

It is well settled that "liability can never be predicated solely upon the fact of a parent corporation's ownership of a controlling interest in the shares of its subsidiary. At the very least, there must be direct intervention by the parent in the management of the subsidiary to such an extent that 'the subsidiary's paraphernalia of incorporation, directors and officers' are completely ignored" (*Billy v Consolidated Mach. Tool Corp*., 51 NY2d 152, 163, *rearg denied* 52 NY2d 829, quoting *Lowendahl v Baltimore & Ohio R.R. Co*., 247 App Div

144, 155, *affd* 272 NY 360, *rearg denied* 273 NY 584). A plaintiff "seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form," thereby perpetrating a wrong that resulted in injury to the plaintiff (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142; *see Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 145; *Lawlor v Hoffman*, 59 AD3d 499). "Factors to be considered in determining whether the [parent company] has 'abused [that] privilege . . .' include whether there was a 'failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use' " (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 127, *affd* 16 NY3d 775). Here, defendant established that its conduct with respect to Stein did not constitute an abuse of the privilege of doing business in the corporate form (*see Lawlor*, 59 AD3d 499), and plaintiff failed to raise a triable issue of fact sufficient to defeat the renewed motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In light of our determination, we need not address defendant's contention regarding the alleged improper characterization of the deposition testimony of its chief executive officer.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court