Desselle v Hills (2023 NY Slip Op 06628)

Desselle v Hills

2023 NY Slip Op 06628

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, GREENWOOD, NOWAK, AND DELCONTE, JJ.

833 CA 22-02005

[*1]DELILAH DESSELLE, PLAINTIFF-APPELLANT,
v
DAVID HILLS AND LETISHA JOHNSON, DEFENDANTS-RESPONDENTS. 

MCMAHON KUBLICK, P.C., SYRACUSE (W. ROBERT TAYLOR OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BAILEY, JOHNSON & PECK, P.C., ALBANY (THOMAS J. JOHNSON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered May 26, 2022. The order granted the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained when she slipped and fell on snow and ice that had accumulated on the sidewalk adjacent to, or the driveway of, a certain residential property (property). Defendants moved to dismiss the complaint based on, inter alia, plaintiff's failure to effect proper service of the summons and complaint and thus to obtain personal jurisdiction over them (see CPLR 3211 [a] [8]). Plaintiff appeals from an order of Supreme Court granting the motion on that basis. We affirm.
We reject plaintiff's contention that service was properly made pursuant to CPLR 308 (2). Under that provision, the delivery of the summons and complaint must be made, as relevant here, at the party's "actual . . . dwelling place or usual place of abode" (id.). "A dwelling place is one at which the [party to be served] is actually residing at the time of delivery . . . [, and] [t]he usual place of abode is a place at which the [party] lives with a degree of permanence and stability and to which [they] intend[ ] to return" (Matter of William A. [Jessica F.], 192 AD3d 1474, 1475 [4th Dept 2021] [internal quotation marks omitted]). Jurisdiction is not acquired pursuant to CPLR 308 (2) unless there has been strict compliance with, inter alia, that delivery requirement (see William A., 192 AD3d at 1475).
"While the ultimate burden of proof rests with the party asserting jurisdiction, . . . [a] plaintiff[ ], in opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the [court]" (id. [internal quotation marks omitted]; see Constantine v Stella Maris Ins. Co., Ltd., 97 AD3d 1129, 1130 [4th Dept 2012]). Although " '[o]rdinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served . . . , a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit' " (Alostar Bank of Commerce v Sanoian, 153 AD3d 1659, 1659 [4th Dept 2017]).
Here, defendants submitted on their motion the affidavits of plaintiff's process server, in which the process server averred, inter alia, that he personally served the summons and complaint with respect to each defendant on a person of suitable age and discretion at the property, that he thereafter mailed the summons and complaint to each defendant at the property, and that the property was defendants' dwelling place. We agree with plaintiff that those affidavits constitute [*2]prima facie evidence that defendants were validly served pursuant to CPLR 308 (2) (see Cach, LLC v Ryan, 158 AD3d 1193, 1194-1195 [4th Dept 2018]). However, defendants also submitted evidence rebutting the presumption of proper service (see William A., 192 AD3d at 1476; Cach, LLC, 158 AD3d at 1195). Specifically, defendants submitted their own affidavits in which they each averred that they did not reside at the property during the relevant time periods. Rather, defendants averred that the property is a rental property and that, at all times relevant to this action, they resided at a different location. Plaintiff failed to submit any evidence demonstrating otherwise. Thus, we conclude that, inasmuch as plaintiff failed to serve defendants at their actual address as required by CPLR 308 (2), the court properly determined that plaintiff failed to effect proper service (see Feinstein v Bergner, 48 NY2d 234, 241 [1979]; Alostar Bank of Commerce, 153 AD3d at 1660; see also William A., 192 AD3d at 1476).
We reject plaintiff's further contention that defendants should be estopped from challenging the improper service. Here, the record contains no evidence that defendants "engage[d] in conduct calculated to prevent plaintiff from learning [their] address" (Olscamp v Fasciano, 118 AD3d 1472, 1473 [4th Dept 2014] [internal quotation marks omitted]). We also reject plaintiff's contention that defendants failed to make a timely objection based upon improper service and thus waived any such objection. Contrary to plaintiff's contention, defendants were not subject to the time limitation set forth in CPLR 3211 (e) inasmuch as they did not serve an answer prior to making their motion (cf. Woleben v Sutaria, 34 AD3d 1295, 1296 [4th Dept 2006]).
In light of our determination, we need not consider plaintiff's
remaining contentions.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court