| Davenport v Lumibao |
| :---: |
| 2026 NY Slip Op 30756(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805325/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**

*Justice*

PART          56M

-------------------------------------------------------------------------------X

DIANE DAVENPORT as Guardian of the Person and
Property of EVELYN LEDYARD,

INDEX NO.          805325/2023

MOTION DATE          01/13/2026

Plaintiff,

MOTION SEQ. NO.          002

- v -

ALA-MAY LUMIBAO, M.D., ALLAN SANTIAGO, M.D.,
FORT TRYON REHABILITATION & HEALTH CARE
FACILITY, LLC, doing business as FORT TRYON CENTER
FOR REHABILITATION AND NURSING, FORT
TRYON CENTER, LLC, and INTEGRATED WOUND
CARE MANAGEMENT NEW JERSEY, LLC, doing business
as INTEGRATED WOUND CARE,

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 69, 70, 71, 72, 73,
74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion to/for                                              DISMISSAL                                              .

In this action to recover damages pursuant to Public Health Law § 2801-d for purported

violations of statutes and regulations governing nursing homes, and for medical malpractice

based on alleged departures from good and accepted practice, common-law negligence, and

negligent hiring, training, supervision, and retention of healthcare personnel, the defendant

Integrated Wound Care Management New Jersey, LLC, doing business as Integrated Wound

Care (IWCNJ), moves pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as

asserted against it on the ground that the action is time-barred as to it (CPLR 3211[a][5]), for

lack of in personam longarm jurisdiction over it (CPLR 3211[a][8]), and for lack of personal

jurisdiction over it based on the plaintiff's alleged failure properly to serve process upon it (CPLR

3211[a][8]; *see* CPLR 306-b).  The plaintiff opposes the motion.  The motion is denied.  In

connection with the request for relief pursuant to CPLR 3211(a)(5), the dismissal is without

prejudice to the submission of a properly noticed motion for summary judgment dismissing the

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE          PERSON AND PROPERTY          Page 1 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No.  002

1 of 15

[* 1]

amended complaint as against IWCNJ on the ground that the action is time-barred as to it. In connection with so much of the request for relief pursuant to CPLR 3211(a)(8) as was premised upon lack of in personam longarm jurisdiction, the dismissal is without prejudice to renewal after the plaintiff and IWCNJ have engaged in expedited discovery on the issue of whether IWCNJ is subject to personal jurisdiction in New York, which they are directed to do as further set forth herein. The motion is otherwise denied on the merits.

In an order dated September 16, 2025, and entered September 17, 2025, this court granted the plaintiff's motion for leave to serve and file a supplemental summons and amended complaint adding IWCNJ as a party defendant. IWCNJ served an answer to the amended complaint on November 7, 2025. In its answer, IWCNJ raised, as affirmative defenses, that, among other things, the plaintiff's claims, "in whole or in part, are barred by virtue of the expiration of the applicable statute of limitations" (First Affirmative Defense), that "[t]he Court does not have personal jurisdiction over the answering defendant" (Third Affirmative Defense), and "[p]laintiff failed to properly serve the Complaint pursuant to the CPLR, and as such this Court lacks jurisdiction over the answering defendant" (Fourth Affirmative Defense). On November 17, 2025, IWCNJ moved pursuant to CPLR 3211(a)(5) and 3211(a)(8) (*see* CPLR 2211) to dismiss the amended complaint insofar as asserted against it on those grounds.

CPLR 3211(e) provides, in relevant part, that:

> "[a]t any time *before service of the responsive pleading is required*, a party may move on one or more of the grounds set forth in subdivision (a) of this rule, and no more than one such motion shall be permitted. Any objection or defense based upon a ground set forth in paragraphs one, three, four, *five* and six of subdivision (a) of this rule is waived unless raised either by such motion or in the responsive pleading"

(emphasis added). In light of the provisions of CPLR 3211(e),

> "[a] motion to dismiss the complaint based on a ground listed in CPLR 3211(a) . . . . must be made before answering (*see* CPLR 3211[e]: Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:21). A motion for summary judgment, on the other hand, does not lie until after service of the responsive pleading (*id.*). Summary judgment is, therefore, a post answer device (*id.*). Any of the grounds on which a CPLR 3211 motion could have been

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE          PERSON AND PROPERTY          Page 2 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No. 002

2 of 15

[* 2]

> made here . . . can he used as a basis for a motion for summary judgment afterwards as long as the particular objection, although not taken by a CPLR 3211 motion before service of the answer, has been included as a defense in the answer and thereby preserved (CPLR 3211[e]: Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:20). Having preserved the affirmative defense in their answer, defendants were not also entitled to serve a pre-answer motion to dismiss, which is a procedural irregularity. Defendants [are] required to move for summary judgment on the [CPLR 3211(a)] issue inasmuch as they had served their answer"

(*Lusitano Enters., Inc. v Horton Bros., Inc.*, 2018 NY Slip Op 32011[U], *2-3, 2018 NY Misc LEXIS 3587, *4 [Sup Ct, Suffolk County, Aug. 14, 2018]; *see Castro v Fraser*, 2022 NY Slip Op 30903[U], *5, 2022 NY Misc LEXIS 1368, *7 [Sup Ct, N.Y. County, Mar. 15, 2022] [Kelley, J.]; *Higgins v Goyer*, 2018 NY Slip Op 33520[U], *2, 2018 NY Misc LEXIS 9607, *3 [Sup Ct, Rensselaer County, Nov. 1, 2018]; *see also McLearn v Cowen & Co.*, 60 NY2d 686, 689 [1983]). As noted above, prior to making its motion on November 17, 2025, IWCNJ had served an answer on November 7, 2025, and the court concludes that IWCNJ preserved the affirmative defense of the statute of limitations by asserting it in its answer.

Consequently, to the extent that IWCNJ seeks relief on a ground enumerated in CPLR 3211(a)(5), such relief is unavailable pursuant to that statute at this juncture, but is available only via a motion for summary judgment pursuant to CPLR 3212 (*see Rich v Lefkovits*, 56 NY2d 276, 282 [1982] ["we answer in the affirmative the question . . . concerning whether defendant may move after answer for summary judgment on his jurisdictional defense"]). In *Molina v Mount Sinai Morningside Hosp.* (2024 NY Slip Op 32724[U], 2024 NY Misc LEXIS 3607 [Sup Ct, N.Y. County, Jul. 9, 2024] [Kelley, J.]), this court was presented with a situation virtually identical to that presented by the motion in the instant case. In that case, four of the defendants had answered the complaint, asserting the statute of limitations as an affirmative defense, but thereafter made a post-answer motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them on that ground. This court explained that resort to that statute was inappropriate because the movants already had served an answer, but that it would decline to convert the motion to summary judgment motion by providing notice to the parties pursuant to

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE          PERSON AND PROPERTY          Page 3 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No.  002

[* 3]

3 of 15

CPLR 3211(c), and instead deem the motion to be one for summary judgment, since the parties appeared to have charted a summary judgment course (*see Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1st Dept 1987]). The plaintiff appealed. On appeal, the Appellate Division, First Department, reversed this court's order, explaining that, even though "the issue of whether decedent's medical records support plaintiff's contention that this matter was timely under the continuous treatment doctrine or Lavern's Law involves questions of fact" (*Molina v Mount Sinai Morningside Hosp.*, 244 AD3d 489, 489-490 [1st Dept 2025]),

> "Supreme Court erred by treating defendants' motion as one for summary judgment without employing the correct procedure as required under CPLR 3211(c). *After determining that the Mt. Sinai defendants' CPLR 3211(a)(5) motion to dismiss on statute of limitations grounds was served after their answer and thus untimely,* the court converted the motion to one for summary judgment. However, the court never provided notice of its intention to convert, and it is undisputed that neither side requested that the matter be considered as one for summary judgment (*see Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1st Dept 1987]).

> "Contrary to the Mt. Sinai defendants' contention, the parties did not chart a summary judgment course. Instead, in opposition, plaintiff focused on the issue of defendant's CPLR 3211 motion to dismiss, solely relying on CPLR 3211(a)(5) case law, and argued, among other things, that the motion should be denied given that discovery from defendants was outstanding"

(*id.*) (emphasis added). Applying the strictures of that appellate determination as guidance, the court concludes that the parties here did not chart a summary judgment course (see Bowman v Andrews, 2025 NY Slip Op 34920[U], *3-4, 2025 NY Misc LEXIS 10487, *2-5 [Sup Ct, N.Y. County, Dec. 16, 2025] [Kelley, J.]). In the exercise of its discretion under CPLR 3211(c) (*see 1995 CAM LLC v West Side Advisors, LLC*, 221 AD3d 420, 420 [1st Dept 2023], *revd other grounds* _____NY3d_____, 2025 NY Slip Op 05782 [Oct. 21, 2025]), the court declines to provide notice to the parties that it intends to convert that branch of the motion which was pursuant to CPLR 3211(a)(5) into a summary judgment motion. Rather, it denies that branch of the motion as "untimely," albeit without prejudice to IWCNJ's submission of a properly noticed motion for summary judgment, after all relevant discovery has been completed, dismissing the amended complaint on the ground that the action is time-barred as to it.

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE                PERSON AND PROPERTY          Page 4 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No.  002

4 of 15

[* 4]

In connection with that branch of the motion premised upon the court's lack of in personam longarm jurisdiction over IWCNJ, however, the court initially notes that motions pursuant to CPLR 3211(a)(8) are not subject to the particular limitations and strictures set forth CPLR 3211(e) that apply to requests for relief pursuant to CPLR 3211(a)(1), (3), (4), (5) and (6), specifically, that the invocation of those grounds for dismissal must be made either in a pre-answer motion to dismiss the complaint or pursuant to a summary judgment motion made after preserving the affirmative defense by raising it in an answer.  Rather, the relevant provision of CPLR 3211(e) recites that,

> "[a]n objection based upon a ground specified in paragraph eight of nine of this rule is waived if a party moves on any of the grounds set forth in subdivision (a) of this rule without raising such objection or if, having made no objection under subdivision (a) of this rule, he or she does not raise such objection in the responsive pleading."

Moreover, CPLR 3211(e) further provides that

> "an objection that the summons and complaint, . . .  was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship."

In the instant action, however, IWCNJ did indeed raise an objection based on the lack of in personam longarm jurisdiction both in its answer and in the instant motion (*cf. Addesso v Shemtob*, 70 NY2d 689, 690 [1987] ["The basis for the objection of lack of personal jurisdiction . . . should have been made in the earlier CPLR 3211(a) motion to dismiss," rather than pursuant to later summary judgment motion]; *Hickey v Hutton*, 182 AD2d 801, 802 [2d Dept 1992]). Additionally, it raised the objection based on improper service of process in its answer, and moved to dismiss the amended complaint against it on that ground within 60 days after serving the answer.  Hence, there is no prohibition on IWCNJ's submission of a post-answer CPLR 3211(a)(8) motion to dismiss the amended complaint against it for lack of in personam longarm jurisdiction or improper services of process, as there is would be on a post-answer CPLR 3211(a)(5) motion based on the expiration of the applicable statute of limitations.

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE          PERSON AND PROPERTY          Page 5 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No.  002

5 of 15

Where, as here, a defendant moves to dismiss a complaint pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction, the plaintiff, in opposing the motion, bears the burden of coming forward with sufficient evidence to prove jurisdiction (*see Aybar v Aybar*, 169 AD3d 137, 142 [2d Dept 2019], *affd* 37 NY3d 274 [2021]). Nonetheless, "in opposing a motion to dismiss pursuant to CPLR § 3211(a)(8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth 'a sufficient start, and show[ ] their position not to be frivolous'" (*Shore Pharm. Providers, Inc. v. Oakwood Care Ctr., Inc*., 65 AD3d 623, 624 [2d Dept 2009], quoting *Peterson v Spartan Indus*., 33 NY2d 463, 467 [1974]).

In support of its motion, IWCNJ submitted the affirmation of Mitchell Jakubovic, who identified himself as the acting chief financial officer of both IWCNJ and its sister professional corporation, Integrated Wound Care New York Medical, PLLC (IWCNY), asserting that he had personal knowledge of the relationship between those two entities. He stated that IWCNY provided third-party wound care services to the residents of the defendants Fort Tryon Rehabilitation & Health Care Facility, LLC, doing business as Fort Tryon Center for Rehabilitation and Nursing, and Fort Tryon Center, LLC (together the Fort Tryon defendants), including patient consultation and evaluation for wound management, specifically providing wound care visits and treatments, answering the Fort Tryon defendants' staff questions regarding wound care, recommending wound care treatment plans between visits, and performing consultations with residents of the Fort Tyron defendants' facilities the residents' attending physicians. Jakubovic averred that all payments for that wound care services are made through the individual patient's insurer, and that no compensation was ever exchanged between the Fort Tryon defendants and IWCNJ, IWCNY, or any IWC entity.

Jakubovic stated that,

> "[a]s part of the parties' arrangement, it was agreed that in no event shall either party be liable for any damages arising out of or in connection with their

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL Motion No.  002

PERSON AND PROPERTY

Page 6 of 15

6 of 15

agreement or the use of the services, whether such liability arises from any claim based upon contract, warranty, tort, strict liability or otherwise."

According to Jakubovic, while providing wound care services at the Fort Tryon defendants' facility, IWCNY rendered services to the plaintiff's ward from January 27, 2021 until May 25, 2022, characterizing IWCNY's role in this regard as one of "an independent contractor." He further asserted that IWCNY was neither supervised nor controlled by the Fort Tryon defendants or any of its physicians or staff, but, instead, that all IWCNY wound care services "were provided by a licensed physician," presumably one employed by IWCNY.

As Jakubovic explained it, IWCNY is corporate entity separate from IWCNJ, that the two entities are not affiliated with each other, and that IWCNJ did not own, operate, control or manage IWCNY during the time that the latter performed consulting services for Fort Tryon. He further asserted that IWCNJ did not provide any treatment to the plaintiff's ward and did not receive compensation either from the patient or the Fort Tryon defendants in connection with the patient's treatment. Jakubovic further asserted that "IWC New York," which was the only IWC entity that rendered treatment to the plaintiff's ward, does not maintain an office at 100 Charles Ewing Boulevard, Ewing, New Jersey 08628, where IWCNJ allegedly maintains its offices and that, in any event, Joe Cicoria, who was named in the relevant affidavit of service as the recipient of the supplemental summons and amended complaint on behalf of IWCNJ, "is not an authorized agent to receive service of process for IWC New York." Jakubovic, however, did not aver that *IWCNJ's* offices were not located at that address, nor did he claim that Cicoria was not authorized to accept service on behalf of *IWCNJ*.

"A foreign corporation is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted" (*Landoil Resources Corp. v Alexander & Alexander Servs., Inc.*, 77 NY2d 28, 33 [1990]). Thus, where a non-domiciliary defendant does not own property in New York, does not reside in New York, and do not "do business" in New

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE            PERSON AND PROPERTY            Page 7 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No. 002

7 of 15

[* 7]

York, New York courts would not have general, all-purpose jurisdiction over that defendant, since it would not have sufficient contacts with or a sufficient presence in New York (*see* CPLR 301; *Aybar v Aybar*, 169 AD3d at 142-143; *see also Daimler AG v Bauman*, 571 US 117, 122, 127 [2014] [a court may assert jurisdiction over a foreign corporation to hear any and all claims against it only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State]; *Rushaid v. Pictet & Cie*, 28 NY3d 316, 323 n 4 [2016]; *Ingraham v Carroll*, 90 NY2d 592, 597 [1997]; *Landoil Resources Corp. v Alexander & Alexander Servs*., Inc., 77 NY2d at 33 [1990]; *Banco Ambrosiano, S.p.A. v Artoc Bank & Trust, Ltd*., 62 NY2d 65, 71 [1984]).

Pursuant to CPLR 302(a)(1), a nondomiciliary defendant is subject to personal jurisdiction in New York where it "transacts any business within the state or contracts anywhere to supply goods or services in the state."  A defendant is considered to have transacted business where it "projects [itself] into this state to engage in a sustained and substantial transaction of business" or "seeks out and initiates contact with New York, solicits business in New York, and establishes a continuing relationship" (*Paterno v Laser Spine Inst*., 24 NY3d 370, 377 [2014]; *see D&R Global Selections, S.L. v Bodega Olegario Falcon Pineiro*, 29 NY3d 292 [2017]).  In order to invoke long arm jurisdiction under CPLR 302(a)(1), the plaintiff must show that the defendant purposely availed itself of commercial amenities or facilities in New York (*see Licci ex rel. Licci v Lebanese Can. Bank, SAL,* 20 NY3d 327, 339 [2012]). "Purposeful activities" are volitional acts by which the non-domiciliary avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws (*Paterno v Laser Spine Inst*., 24 NY3d at 376).  Moreover, "it is not necessarily who initiated contact that is determinative, but rather, the nature and quality of the contacts and the relationship established as a result" (*Grimaldi v Guinn*, 72 AD3d 37, 51 (2d Dept 2010)).

As the Court of Appeals has explained,

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL Motion No.  002          PERSON AND PROPERTY          Page 8 of 15

8 of 15

> "[i]t is not enough that a non-domiciliary defendant transact business in New York to confer long-arm jurisdiction. In addition, the plaintiff's cause of action must have an 'articulable nexus' or 'substantial relationship' with the defendant's transaction of business here. At the very least, there must be 'a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim'"

(*D&R Global Selections, S.L. v Bodega Olegario Falcon Pineiro*, 29 NY3d at 298-289, quoting *Licci ex rel. Licci v Lebanese Can. Bank, SAL,* 20 NY3d at 339). In addition, even where the non-domiciliary transacted business in New York, to satisfy due process concerns, "[t]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state" (*Burger King v Rudzewciz*, 471 US 462, 474 [1985], quoting *International Shoe Co. v Washington*, 326 US 310, 316 [1945]; *D&R Global Selections, S.L.*, 29 NY3d at 288-289; *see also BNSF Ry. v Tyrell*, 581 US 402 [2017]). Thus, where a defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302[a][1]; *see D&R Global Selections, S.L. v Bodega Olegario Falcon Pineiro*, 29 NY3d 298; *Paterno v Laser Spine Inst*., 24 NY3d at 377 [2014]), and the plaintiff's cause of action against '[arises] from' such a business transaction" (*Best Van Lines, Inc. v Walker*, 490 F3d 239, 246 [2d Cir 2007]; *see Deutsche Bank Sec., Inc. v. Montana Bd. of Invs*., 7 NY3d 65, 71 [2006]), a New York court may exercise "specific" personal jurisdiction over that defendant, but only if due process factors are satisfied. More specifically, "[t]o determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action '[arises] from' such a business transaction" (*Best Van Lines, Inc. v Walker*, 490 F3d at 246; *see Deutsche Bank Sec., Inc. v. Montana Bd. of Invs*., 7 NY3d at 71). In this respect, the Court of Appeals nonetheless has explained that,

> "'despite the fact that section 302(a)(1) . . . and constitutional due process are not coextensive, and that personal jurisdiction permitted under the long-arm statute may theoretically be prohibited under due process analysis, we would expect such cases to be rare'"

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE          PERSON AND PROPERTY          Page 9 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No.  002

9 of 15

[* 9]

(*Rushaid v Pictet & Cie*, 28 NY3d at 331, quoting *Licci ex rel. Licci v Lebanese Can. Bank, SAL*, 732 F3d at 170).

It is well settled that there is a presumption of corporate separateness between parent and subsidiary entities (*see Meshel v Resorts Intl. of N.Y., Inc.*, 160 AD2d 211 [1st Dept 1990]). As a general rule, a parent corporation is not liable for the acts of a subsidiary (*see McCloud v Bettcher Indus., Inc.*, 90 AD3d 1680, 1681 [4th Dept 2011]]). "[T]he existence of an agency upon which a finding of jurisdiction may be predicated may not be inferred from the mere existence of a parent-subsidiary relationship" (*Insurance Co. of N. Am. v EMCOR Group, Inc.*, 9 AD3d 319, 320 [1st Dept 2004]; *see Frummer v Hilton Hotels Intl.*, 19 NY2d 533, 538 [1967]). Indeed, liability can never be predicated solely upon the fact that a parent corporation owns a controlling interest in the shares of its subsidiary (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163 [1980]; *McCloud v Bettcher Indus., Inc.*, 90 AD3d at 1681; *Lowendahl v Baltimore & O.R.C.*, 247 App Div 144, 155 [1st Dept 1936], *affd* 272 NY 360 [1936]). Even complete ownership of a subsidiary's stock is insufficient, by itself, to pierce the corporate veil (*see Oxbow Calcining USA, Inc. v American Indus. Partners*, 96 AD3d 646, 649 [1st Dept 2014]). For the purposes of tort liability, courts may only disregard the separate legal identities of the parent and subsidiary corporation if the parent intervenes in the subsidiary's management so thoroughly as to ignore the subsidiary's paraphernalia of incorporation, directors, and officers (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152 [1980]; *Dempsey v Intercontinental Hotel Corp.*, 126 AD2d 477, 478 [1st Dept 1987]). In other words, "'[a] parent company will not be held liable for the torts of its subsidiary unless it can be shown that the parent exercises complete dominion and control over the subsidiary'" (*Broxmeyer v United Capital Corp.*, 79 AD3d 780, 784 [2d Dept 2010], quoting *Serrano v New York Times Co., Inc.*, 19 AD3d 577, 578 [2d Dept 2005]). That same rule applies to the alleged vicariously liability of one corporation for the acts of its sister corporation (*see Mitchell v TAM Equities, Inc.*, 27 AD3d 703, 708 [2d Dept 2006]; *Alexander & Alexander of N.Y. v Fritzen*, 114 AD2d 814, 815 [1st Dept 1985] ["in terms of

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE     PERSON AND PROPERTY      Page 10 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No.  002

10 of 15

legal responsibility, parent, subsidiary *or affiliated corporations* are treated separately and independently and one will not be held liable for the contractual obligations of the other, unless it is shown that there was an exercise of complete dominion and control"]).

In opposition to IWCNJ's motion, the plaintiff argued that IWCNJ and IWCNY were so inextricably intertwined with each other, with Jakubovic serving as chief financial officer for both of them, IWCNJ advertising the that "coverage area" in which it provides services included New York, and both IWCNJ and IWCNY listing the same Teaneck, New Jersey, address as an office address, that they each exercised dominion and control over each other.

A court may also exercise personal jurisdiction over any non-domiciliary, who commits a tortious act within the state (*see* CPLR 302[a][2]). In this respect, the plaintiff also contended that Fort Tryon's medical chart itself included entries with the heading "Integrated Wound Care," that listed its address as 492-C Cedar Lane, Suite 514, Teaneck, New Jersey 07666, a telephone number of 732-451-4318, which indicates a New Jersey exchange, and a fax number of 888-974-0983. She thus suggested that IWCNJ itself committed a tortious act in New York when its personnel treated her ward at the Fort Tryon defendants' facilities.

The court rejects the plaintiff's contention that it should completely disregard Jakubovic's affirmation because it was unsworn. Although Jakubovic submitted an affirmation rather than an affidavit, CPLR 2106 was amended, effective January 1, 2024, to authorize the use of an affirmation in lieu of an affidavit by "*any person* wherever made," as long as the statement set forth therein had been "affirmed by that person to be true under the penalties of perjury" (L 2023, ch 559) (emphasis added), more particularly, that a statement included in an affirmation by an affirmant must be in "substantially the following form:

> I affirm this ____ day of _____, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law."

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE      PERSON AND PROPERTY        Page 11 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No.  002

11 of 15

(*see Matter of Sweet v Fonvil*, 227 AD3d 849, 851 [2d Dept 2024]). At the end of his affirmation, Jakubovic averred that "I understand that if anything in this Affirmation is untrue, I am subject to punishment," which the court concludes is in "substantially" the same form as the statutory language.

Nonetheless, the plaintiff correctly argued that her burden in opposing this motion is very low. "'[T]o successfully oppose [a motion to dismiss for lack of personal jurisdiction], the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court'" (*Sacco v Reel-O- Matic, Inc.*, 183 AD3d 567, 568 [2d Dept 2020], quoting *America/Intl. 1994 Venture v Mau*, 146 AD3d 40, 51 [2d Dept 2016]; *see Lercara Provisions, Inc. v Boar's Head Provisions Co., Inc.,* _____AD3d_____, 2026 NY Slip Op 00884 [2d Dept, Feb. 18, 2026]; *Desselle v Hills*, 222 AD3d 1380, 1381 [4th Dept 2023]; *Doller v Prescott,* 167 AD3d 1298, 1302 [3d Dept 2018]). In this respect, the plaintiff further correctly contended that, when a court is considering the motion, "'[t]he facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff'" (*Lesavoy v Brady*, 242 AD3d 856, 858 [2d Dept 2025] [applying rule to CPLR 3211(a)(8) motion], quoting *Fanelli v Latman*, 202 AD3d 758, 759 [2d Dept 2022], quoting, in turn, *Nick v Schneider*, 150 AD3d 1250, 1251 [2d Dept 2017]). The court concludes that, by submitting evidence that, although the plaintiff did not make a prima facie showing that IWCNJ is subject to jurisdiction in New York, she set forth a "sufficient start" by showing that her contention that New York has jurisdiction over IWCNJ is not frivolous, inasmuch as (a) IWCNJ and IWCNY share at least one officer and one office and, thus, may be so intertwined that they may be considered one entity for the purposes of imposing tort liability, (b) the court might be able to assert specific in personam jurisdiction over IWCNJ pursuant to the "transacting business" provisions of CPLR 302(a)(1) consonant with due process considerations since there is a factual question as to whether it has permanent presence in New York, and (c) there are factual questions as to

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE          PERSON AND PROPERTY          Page 12 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No.  002

12 of 15

whether IWCNJ may have negligently rendered medical care to her ward in New York that would subject it to specific in personam jurisdiction by virtue of committing a tortious act in the state within the meaning of CPLR 302(a)(2), or by virtue of its dominion and control over IWCNY at a time when IWCNY allegedly committed a tortious act in New York. Hence, although that branch of IWCNJ's motion seeking dismissal for lack of in personam longarm jurisdiction, the court concludes that it should be denied, without prejudice to renewal after the parties engage in expedited discovery on the issue of whether New York has in personam longarm jurisdiction.

With respect to IWCNJ's contention that it was not properly served with process, that request for relief must be denied because Jakubovic asserted in his affirmation that *IWCNY* did not maintain its offices at the location where the plaintiff effectuated service of process, not that IWCNJ, whose motion this is, did not maintain offices there. He further asserted that the recipient of process was not authorized to accept service on behalf of *IWCNY,* not that he was unauthorized to accept service of process on behalf IWCNJ. In other words, he adduced no evidence that the location at which process was served, or the identity of the recipient of process, was incorrect or improper, as those issues applied to IWCNJ. That request for relief must be denied on that ground alone. In any event, the plaintiff's process server attested in the relevant affidavit of service that Cicoria identified himself as IWCNJ's "Mgmt Rep./Authorized to Accept Service for Integrated Wound Care Management New Jersey, LLC d/b/a Integrated Wound Care," and that "[t]he entity served was known to be the corporation described in the papers. The title of the individual named above was known. I inquired whether the individual was authorized to accept service, received an affirmative response, and served the papers accordingly." Where, as here, a plaintiff submits proof that a corporate employee has represented to a process server that he or she was authorized to accept process on behalf of the corporate defendant, service of process is deemed properly to have been made upon that corporation pursuant to CPLR 311 (*see Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC,* 117 AD3d 1459, 1460 [4th Dept 2014]; *see also Fashion Page v Zurich Ins. Co.,* 50 NY2d 265,

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE      PERSON AND PROPERTY      Page 13 of 15
OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL
Motion No.  002

273 [1980] [process server's reasonable belief of recipient's authority is the crucial factor]; *Passeri v Tomlins*, 141 AD3d 816, 818, n [3d Dept 2016]; *Arvanitis v Bankers Trust Co*., 286 AD2d 273, 273 [1st Dept 2001]).

In light of the foregoing, it is,

ORDERED that, in connection with the request of the defendant Integrated Wound Care Management New Jersey, LLC, doing business as Integrated Wound Care, for relief pursuant to CPLR 3211(a)(5), the motion is denied, albeit without prejudice to the submission of a properly noticed motion for summary judgment dismissing the amended complaint as against that defendant on the ground that the action is time-barred as to it after the completion of all discovery, and, in connection with so much of that defendant's request for relief pursuant to CPLR 3211(a)(8) as was premised on New York's alleged lack of in personam longarm jurisdiction over it, the motion is denied without prejudice to renewal after the plaintiff and that defendant have engaged in expedited discovery on the issue of whether that defendant is subject to in personam longarm jurisdiction in New York, as set forth below, and the motion is otherwise denied on the merits; and it is further,

ORDERED that, on or before April 2, 2026, the plaintiff shall, if she be so advised, take the limited deposition of Mitchell Jakubovic, or any other person employed by or affiliated with the defendant Integrated Wound Care Management New Jersey, LLC, doing business as Integrated Wound Care, who has knowledge of that defendant's activities in New York and that defendant's corporate relationship with the defendant Integrated Wound Care Management New York, LLC, but she shall be entitled to conduct no more than three depositions in connection with those issues, or, in the alternative, the plaintiff may serve interrogatories, limited in number to 25, including subparts, which shall be answered within 30 days after service thereof (*see* 22 NYCRR 202.20), but she shall not be entitled to avail herself of both depositions and interrogatories on these issues; and it is further,

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL Motion No. 002          PERSON AND PROPERTY          Page 14 of 15

14 of 15

ORDERED that, no later than 30 days after the completion of the depositions described above, or the plaintiff's receipt of a response to interrogatories, she may serve demands for the production of documents related to the issue of the business activities of the defendant Integrated Wound Care Management New Jersey, LLC, doing business as Integrated Wound Care, in New York, and that defendant's corporate relationship with the defendant Integrated Wound Care Management New York, LLC; and it is further,

ORDERED that the automatic stay of proceedings imposed by operation of law is vacated and dissolved (*see* CPLR 3214[b]); and it is further,

ORDERED that, on or before April 30, 2026, the parties shall re-submit a proposed status conference order to the court's Part Clerk, and the proceedings in this action shall not be stayed by any motion for renewal of this motion that may be made by the defendant Integrated Wound Care Management New Jersey, LLC, doing business as Integrated Wound Care, or by any summary judgment motion made by that defendant that is premised upon the statute of limitations.

This constitutes the Decision and Order of the court.

| | |
|---|---|
| **3/2/2026** | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

805325/2023   DIANE DAVENPORT AS GUARDIAN OF THE OF EVELYN LEDYARD vs. LUMIBAO MD, ALA-MAY ET AL Motion No. 002

PERSON AND PROPERTY        Page 15 of 15

15 of 15